UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BERNARD J. SCHAFER,
HENRY BLOCK,

        Plaintiffs,

v.                                                Case Number 09-10349-BC
                                                      Honorable Thomas L. Ludington

DAVID R. JOHANSON, THERESA
HUANG, RACHEL MARKUN,
RHONDA CONNOR, JOHANSON
AND BERENSON LLP, BOB EDDY,
SIERRA ESOT ADVISORS, JESUP
AND LAMONT SECURITIES,

        Defendants.
_____ /

**ORDER DENYING DEFENDANTS' MOTION TO STAY DISTRICT COURT PROCEEDINGS, AUTHORIZING DISCOVERY, AND SETTING DISCOVERY AND MOTION DEADLINES**

On February 2, 2009, Plaintiffs Bernard J. Schafer ("Schafer") and Henry Block ("Block") filed a six-count amended complaint [Dkt. # 2] against various Defendants, alleging the following claims under state law: (1) negligence - malpractice; (2) negligence; (3) breach of contract; (4) fraud; (5) fraudulent concealment; and (6) concert of action. Plaintiffs allege their claims against four attorneys– David Johanson, Theresa Huang, Rachel Markun, Rhonda Connor– and the law firm for which the attorneys work– Johanson & Berenson, LLP (collectively, "Defendant-attorneys"). Plaintiffs also named as Defendants twelve other individuals and entities that Plaintiffs allege participated in a fraudulent scheme with Defendant-attorneys. At this juncture, only Defendant-attorneys are actively defending the case. All other Defendants have either been voluntarily dismissed by Plaintiff or are defaulted.

Plaintiffs' claims generally arise from a series of transactions in which Defendant-attorneys

helped companies of which Plaintiffs were shareholders to establish employee stock ownership plans ("ESOP") and trusts ("ESOT") in order to defer taxation on capital gains. Ultimately, the IRS challenged Plaintiffs' characterizations of certain transactions as elections under 26 U.S.C. § 1042 and imposed taxes, penalties, and interest. Plaintiffs allege that Defendant-attorneys repeatedly directed Plaintiffs to invest with individuals and entities that were not reputable, credible professionals, who worked together to deprive Plaintiffs of their investments and purported qualified replacement property ("QRP").

On August 17, 2009, the Court denied without prejudice [Dkt. # 51] Defendant-attorneys motion to compel arbitration and to dismiss for lack of personal jurisdiction. With respect to the compelling arbitration, the Court explained as follows:

> At this juncture, the structure of the transactions and the portions of the transactions, conduct, or advice challenged by Plaintiffs is sufficiently vague such that the Court is unable to determine the scope of the arbitration agreements entered by the corporations of which Plaintiffs were shareholders or entered by Plaintiffs themselves, and whether Plaintiffs claims fall within the scope of the arbitration agreement. However, Plaintiffs have advanced facts, which if true, would substantiate Plaintiffs' allegations that they were incidental, if not direct, intended beneficiaries of the Defendant-attorneys' legal advice, in addition to the corporate clients. Additionally, Defendant attorneys and law firm have not advanced an explanation of any effort to address the issue of their professional responsibility to Plaintiffs. If any written waivers of conflicts of interest limiting the scope of the Defendants professional responsibility to their corporate clients exist, they have not been proffered.

The Court further found that "[i]t would appear that at least a certain amount of discovery is necessary before the Court is able to make a determination whether Plaintiffs' claims are subject to the arbitration agreements."

With respect to personal jurisdiction, the Court explained as follows:

> Similar to the issue of compelling arbitration, the Court is unable to determine whether personal jurisdiction exists at this time, and finds that discovery is necessary to resolve the question. *See Serras*, 875 F.2d at 1214 (noting the court's discretion to allow discovery to resolve the issue of personal jurisdiction). The contours of Defendants Connor and Huang's

involvement in the law firm's activities giving rise to Plaintiffs' claims are unclear. However, Plaintiffs have alleged purposeful contacts by Defendants, which, if true, would justify at least limited personal jurisdiction. While Defendants may not have been involved at the time that the earlier transactions originated, significant involvement in the later transactions may be enough to confer personal jurisdiction, particularly if Defendants were involved with representing Plaintiffs in regards to Plaintiffs' dispute with the IRS arising from the Michigan Microtech transaction.

Now before the Court is Defendant-attorneys' motion [Dkt. # 56] filed on August 31, 2009, to stay district court proceedings until its appeal of the order denying the motion to dismiss claims or to compel arbitration is resolved. Plaintiffs filed a response [Dkt. # 58] on September 9, 2009. Defendant-attorneys did not file a reply.

Generally, Defendant-attorneys contend that this Court should stay proceedings pursuant to its authority under Federal Rules of Civil Procedure 6 and 16. Defendant-attorneys emphasize that no other Defendants will be prejudiced by a stay of proceedings because they are the only Defendants actively defending the case. In contrast, Defendant-attorneys contend that they will be prejudiced because if they are entitled to arbitrate Plaintiffs' claims, they will have lost one of the main advantages of arbitration, which is that it is less expensive because it does not involve as much discovery as permitted under the Federal Rules of Civil Procedure. Defendant-attorneys also contend that a stay will prevent Plaintiffs from obtaining discovery that would not be authorized or permitted if their claims are ultimately sent to arbitration. Finally, Defendant-attorneys contend that no prejudice will result to Plaintiffs because they will be able to obtain discovery in the proper forum after resolution of Defendant-attorneys' appeal.

In response, Plaintiffs acknowledge that the entry of an order staying proceedings "ordinarily rests with the sound discretion of the District Court." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393 (6th Cir. 1977). Plaintiffs emphasize that the Court should balance the following factors to

determine whether to enter a stay:

> (1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies.

*Baker v. Adams County*, 310 F.3d 927, 928 (6th Cir. 2002). Plaintiffs contends that Defendant-attorneys have not demonstrated "a strong or substantial likelihood of success on the merits," that Defendant-attorneys will not suffer irreparable harm, and that the delay will cause prejudice to Plaintiffs.

Based on the above, Defendant-attorneys' motion to stay proceedings will be denied. As emphasized by Plaintiffs, Defendant-attorneys' motion does not address the likelihood of success on the merits. More significantly, Defendant-attorneys have not demonstrated the potential for "irreparable harm" or prejudice, given the fact that the Court has not yet entered a case management and scheduling order authorizing full discovery. Notably, the Court's August 17, 2009, order [Dkt. # 51] denying Defendant-attorneys' motion without prejudice only determined that a certain amount of discovery was necessary to resolve questions relevant to any agreements to arbitrate and personal jurisdiction. Given the limited scope of discovery to be authorized at this juncture, it is not apparent that Plaintiffs will receive a materially greater amount of discovery than that which they will be entitled to if it is ultimately found that their claims are subject to an arbitration agreement.

Accordingly, it is **ORDERED** that Defendant-attorneys' motion to stay district court proceedings pending resolution of appeal of denial of motion to dismiss claims or to compel arbitration [Dkt. # 56] is **DENIED**.

It is further **ORDERED** that **DISCOVERY** is **AUTHORIZED** to proceed up to and including **February 19, 2010**, on the questions of whether Plaintiffs are required to arbitrate their

claims against Defendant-attorneys and whether Defendant-attorneys Connor and Huang are subject to the Court's personal jurisdiction, consistent with this order and the Court's order dated August 17, 2009 [Dkt. # 51].

It is further **ORDERED** that the parties are **AUTHORIZED** to file motions addressing the questions of whether Plaintiffs are required to arbitrate their claims against Defendant-attorneys and whether Defendant-attorneys Connor and Huang are subject to the Court's personal jurisdiction on or before **March 19, 2010**.

                                                       s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge

Dated: November 19, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 19, 2009.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS