UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BERNARD J. SCHAFER,
HENRY BLOCK,

           Plaintiffs,

v.

DAVID R. JOHANSON, THERESA
HUANG, RACHEL MARKUN,
RHONDA CONNOR, JOHANSON
AND BERENSON LLP, BOB EDDY,
SIERRA ESOT ADVISORS, JESUP
AND LAMONT SECURITIES,
WILLIAM D. CHAPMAN,
ALEXANDER CAPITAL MARKETS,

           Defendants.

_____ /

Case Number 09-10349-BC
Honorable Thomas L. Ludington

## **ORDER DISMISSING COMPLAINT AS TO CERTAIN DEFENDANTS FOR FAILURE TO PROSECUTE**

On February 2, 2009, Plaintiffs Bernard J. Schafer ("Schafer") and Henry Block ("Block") filed a six-count amended complaint [Dkt. # 2] against various Defendants, invoking this Court's diversity jurisdiction and alleging claims under state law. Plaintiffs allege their claims against four attorneys– David Johanson, Theresa Huang, Rachel Markun, Rhonda Connor– and the law firm for which the attorneys work– Johanson & Berenson, LLP (collectively, "Defendant-attorneys"). Plaintiffs also named as Defendants twelve other individuals and entities that Plaintiffs allege participated in a fraudulent scheme with Defendant-attorneys. Many of the Defendants have been voluntarily dismissed or defaulted, and Plaintiffs currently have active claims against Defendant-attorneys, Defendant Bob Eddy, Defendant William D. Chapman, and Defendant Alexander Capital Markets.

Plaintiffs' claims generally arise from a series of transactions in which Defendant-attorneys represented companies of which Plaintiffs were shareholders to establish employee stock ownership plans ("ESOP") and trusts ("ESOT") that would also permit them to defer taxation on the sale of their stock. Ultimately, the IRS challenged Plaintiffs' characterizations of certain transactions as elections under 26 U.S.C. § 1042 and imposed taxes, penalties, and interest. Plaintiffs allege that Defendant-attorneys repeatedly directed Plaintiffs to invest with individuals and entities that were not reputable, credible professionals, who worked together to deprive Plaintiffs of their investments and purported qualified replacement property ("QRP").

On August 17, 2009, the Court denied without prejudice [Dkt. # 51] Defendant-attorneys motion to compel arbitration and to dismiss for lack of personal jurisdiction. The Court found that Plaintiffs' allegations and the evidence of record was vague and that at least a certain amount of discovery was necessary before the Court is able to make a determination whether Plaintiffs' claims are subject to the arbitration agreements and whether personal jurisdiction exists over Defendants Connor and Huang. The Court authorized limited discovery to take place through February 19, 2010.

On February 23, 2010, the Court granted the parties an extension to complete discovery until March 8, 2010, pursuant to the parties' requests in their competing discovery motions. *See* [Dkt. # 71]. On March 8, 2010, the parties again sought an extension of time to complete discovery and the Court granted an additional thirty days. *See* [Dkt. # 73, 75]. The Court established April 22, 2010, as the deadline for the parties to file motions addressing the questions of whether Plaintiffs are required to arbitrate their claims against Defendant-attorneys and whether Defendant-attorneys Connor and Huang are subject to the Court's personal jurisdiction.

Meanwhile, on July 27, 2009, Defendants Chapman and Alexander Capital Markets filed a motion to dismiss/compel arbitration [Dkt. # 47]. On August 14, 2009, Plaintiffs filed a notice of voluntary dismissal [Dkt. # 50] as to those Defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

On February 4, 2010, Plaintiffs filed a motion seeking reinstatement of the action against Defendants Chapman and Alexander Capital Markets [Dkt. # 67], which the Court granted on March 5, 2010 [Dkt. # 74]. Plaintiffs represented that Defendants Chapman and Alexander Capital Markets refused to participate in arbitration. Defendants did not file a response in opposition to reinstatement of the action against them.

On May 17, 2010, a proposed stipulated order was submitted by Plaintiffs' counsel providing that Plaintiffs would dismiss the claims against Defendant-attorneys Connor and Huang with prejudice. The order also required that Plaintiffs' claims against Defendant-attorneys Johanson, Markun, and Johanson Berenson LLP were to be arbitrated with their consent by the American Arbitration Association.

On June 28, 2010, the Court emailed counsel for Plaintiffs, counsel for Defendant-attorneys, and counsel for Defendants Chapman and Alexander Capital Markets because the stipulated order was not signed by all parties who had appeared and did not address whether the remainder of the action would proceed or be stayed while the claims against the attorneys were arbitrated. A copy of the communication was sent to Defendant Eddy, who is not represented by an attorney, via First Class Mail. In response to the June 28, 2010 email from the court, Plaintiffs' counsel advised that they planned to seek a default against Defendants Chapman and Alexander Capital Markets, and seek substitution of an estate for Defendant Eddy who they had learned was deceased.

As of September 27, 2010, Plaintiffs had not sought a default against Defendants Chapman and Alexander Capital Markets, and had not sought to substitute an estate for Defendant Eddy. The Court then issued an order to show cause why Plaintiff's claims against these Defendants should not be dismissed for failure to prosecute the civil action [Dkt. # 80]. In the response to the order to show cause, Plaintiffs offered to stipulate to the dismissal of claims against Defendants Chapman, Alexander Capital Markets, and Eddy but did not obtain their acceptance of Plaintiffs' offer in a stipulation. Indeed, stipulated orders of dismissal generally need agreement of all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(ii). Accordingly, Plaintiffs' claims against Defendants Chapman, Alexander Capital Markets, and Eddy will be dismissed for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962).

Furthermore, Defendants Sierra ESOT Advisors and Jesup and Lamont Securities had entries of default entered against them in August 2009. [Dkt. # 48; Dkt. # 55]. Plaintiffs have taken no action to seek a default judgment against these defendants nor has Plaintiffs' counsel expressed any intention to pursue default judgments in response to the order to show cause. Consequently, Sierra ESOT Advisors and Jesup and Lamont Securities are also dismissed for failure to prosecute.

Accordingly, it is **ORDERED** that Plaintiffs' claims against Defendant William Chapman, Defendant Alexander Capital Markets, Defendant Bob Eddy, Defendant Sierra ESOT Advisors, and Defendant Jesup and Lamont Securities are **DISMISSED** for failure to prosecute.

                                                  s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

Dated: November 8, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 8, 2010

                        s/Tracy A. Jacobs
                        TRACY A. JACOBS